UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DEVON CALLICUTT,

                Plaintiff,

   -against-                                                 1:11-CV-1282 (LEK/RFT)

ANTHONY SCALISE, Albany County
Police Department Officer, et al.,

                Defendants.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

On October 26, 2011, *pro se* Plaintiff Devon Callicutt ("Plaintiff") filed a civil rights Complaint against six unnamed John Doe Defendants pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Complaint"). Plaintiff filed an Amended Complaint on May 9, 2012, naming as Defendants Albany County Police Officers Anthony Scalise, Brian Masters, Brian Hogan, Thomas Mahar, Paul Forkeutis, and a single John Doe officer (collectively, "Defendants"). Dkt. No. 9 ("Amended Complaint"). Presently before the Court is Defendants' Motion to dismiss Plaintiff's Amended Complaint, brought pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 15 ("Motion").

**II.    BACKGROUND**

    **A. Procedural History**

On December 5, 2011, upon an initial screening of the Complaint by the Honorable Randolph F. Treece, United States Magistrate Judge, Plaintiff was granted thirty days in which to file an amended complaint and was warned that, if he did not, Judge Treece would recommend that

the Complaint be dismissed. Dkt. No. 5 ("December Order"). Plaintiff did not file an amended complaint within the allotted time. See Dkt. Therefore, on April 27, 2012, Judge Treece issued another Order granting Plaintiff an additional thirty days, but stating that if Plaintiff did not file an amended complaint, Judge Treece would recommend that the Court dismiss the Complaint for failure to prosecute. Dkt. No. 8 ("April Order"). In compliance with the April Order, Plaintiff filed his Amended Complaint on May 9, 2012. On May 15, 2012, Summonses were issued as to all named Defendants. Dkt. No. 11.

On June 20, 2012, Defendants filed their Motion to dismiss the Amended Complaint. Defendants argue that Plaintiff's claims are barred by the applicable statute of limitations and that Plaintiff has failed to obtain personal jurisdiction over Plaintiffs. See Dkt. No. 17 ("Defendants' Memorandum of Law"). Plaintiff subsequently filed a Response, and Defendants in turn filed a Reply.[1] Dkt. Nos. 22 ("Response"), 23 ("Reply").

**B. Factual Allegations**

Plaintiff's claims stem from a November 30, 2008 encounter with Defendants. Am. Compl. ¶ 11. On that date, Defendants were pursuing Plaintiff on foot, when he attempted to climb an eight-foot-tall fence. Id. While Plaintiff was perched atop the fence, Defendant Scalise pushed Plaintiff over. Id. Plaintiff fell backwards and landed on his back, causing the firearm he was

---

[1] In lieu of a memorandum of law, Defendants filed as their Reply an "Affirmation of Eric P. Sugar in Reply to Plaintiff's Response to Defendants' Motion to Dismiss." While the affidavit properly contains some factual and procedural statements, it violates Local Rule 7.1(a)(2), which provides that "[a]n affidavit must not contain legal arguments but must contain factual and procedural background that is relevant to the motion the affidavit supports." Therefore, the Court declines to consider any such improper argumentation contained in the Reply. See Oneida Indian Nation v. Cnty. of Oneida, 802 F. Supp. 2d 395, 425 n.24 (N.D.N.Y. 2011) (refusing, under Local Rule 7.1(a)(2), to consider the legal arguments contained in affidavits submitted to the court).

carrying to discharge. Id. ¶ 13. Once in the backyard,[2] Plaintiff threw away his weapon, surrendered himself to Defendants, and was arrested. Id. ¶¶ 12-14. During the arrest, Plaintiff offered no resistance. Id. ¶ 12.

Once he had been handcuffed, however, Plaintiff was set upon by Defendants. Id. After handcuffing Plaintiff, Defendant Masters acted as though he were preparing to walk Plaintiff out of the yard, but then threw Plaintiff to the ground. Id. ¶ 15. Defendant Masters proceeded to hold Plaintiff's head to the ground, and Defendant Hogan held Plaintiff's legs. Id. ¶ 16. While the other two officers kept Plaintiff subdued, Defendant Mahar punched Plaintiff in the face "a couple of times." Id. ¶ 17. Plaintiff was then able to move his face to shield it from Defendant Mahar's blows; however, Defendant Mahar responded by striking Plaintiff twice with his pistol. Id. ¶ 18. Throughout the assault, Defendants Doe and Forkeutis tased Plaintiff until he was on the verge of losing consciousness. Id. ¶ 19. However, when Defendant Masters realized that Plaintiff was beginning to lose consciousness, Defendant Masters told the other Defendants "[t]hat's enough . . . [b]efore he dies." Id. ¶ 20.

After Plaintiff heard this warning, he lost consciousness. Id. ¶ 21. Plaintiff awoke first in an ambulance and then regained consciousness in a hospital. Id. At the hospital, Plaintiff was treated for burn marks on his back from the taser and received five staples to the top left part of his head as treatment for the injuries from being struck with the pistol. Id. ¶ 22.

For a complete statement of Plaintiff's allegations, reference is made to the Amended Complaint.

---

[2] Plaintiff does not specify what building "the backyard" was associated with or whether he had been trying to climb over the fence to reach "the backyard."

### III. STANDARD OF REVIEW

#### A. Rule 12(b)(6)

In order to survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also FED. R. CIV. P. 12(b)(6). Such a determination "requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). A Court must accept as true the factual allegations contained in the complaint and draw all inferences in favor of the plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See Id. at 678-79. Finally, in reviewing a *pro se* complaint, a court has a duty to show liberality toward *pro se* litigants, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).

**B. Rule 12(b)(2)**

Where a party moves to dismiss an action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). Prior to discovery, a plaintiff may survive a 12(b)(2) motion to dismiss by pleading in good faith legally sufficient allegations of jurisdiction. Id. (citing Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990)). Where a court relies only upon the pleadings and supporting affidavits, a plaintiff need only make a *prima facie* showing of personal jurisdiction over a defendant. Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005); Cutco Indus., Inc. v. Naughton, 806 F.2d 361, 364 (2d Cir. 1986) (citing Marine Midland Bank N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981)).

**IV. DISCUSSION**

Defendants first contend that Plaintiff's allegations are time-barred and that his Amended Complaint should therefore be dismissed for failure to state a claim. Def.'s Mem at 7-11. Because the Court grants Defendants' Motion on 12(b)(6) grounds, the Court need not address Defendants' alternative request for dismissal under Rule 12(b)(2).

In New York, the three-year statute of limitations applicable to personal injury actions also applies to § 1983 claims and runs from the date the plaintiff had reason to know of her injury. See, e.g., Connolly v. McCall, 254 F.3d 36, 40 (2d Cir. 2001); Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995); Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980). Because the alleged injury in this case occurred on November 30, 2008, the statute of limitations expired on November 30, 2011. While there is no question that Plaintiff's original Complaint – filed on October 26, 2011

– was timely, Defendants contend that: (1) the Complaint was improperly drafted because it named only "John Doe" Defendants; (2) Plaintiff failed to file his Amended Complaint within the window permitted by the statute of limitations; and (3) the Amended Complaint "does not meet the criteria set forth in Federal Rule of Civil Procedure 15(c) so as to relate-back to the date of the originally filed complaint." Defs.' Mem. at 7-11.

In order to add a party to a complaint after the statute of limitations has run, a plaintiff must satisfy the relation back doctrine set forth in Rule 15.

> An amendment adding a party to the complaint after the statute of limitations has run relates back to the timely filed complaint if (1) the amendment asserts a claim arising from the "conduct, transaction or occurrence" in the original pleading; and (2) within 120 days after the complaint is filed, the party to be added (i) "received such notice of the action that it will not be prejudiced in defending on the merits" and (ii) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Abdell v. City of New York, 759 F. Supp. 2d 450, 454 (S.D.N.Y. 2010) (quoting FED. R. CIV. P. 15(c)(1)(B-C)).

In this case, there is no question that the claims asserted in the Amended Complaint relate back to the original Complaint; indeed, the claims are identical but are simply leveled against named individuals as opposed to generic placeholders. Compare Compl., with Am. Compl. Plaintiff, however, makes no suggestion that he provided Defendants with notice during the time period prescribed by Rule 4(m) of the Federal Rules of Civil Procedure. Therefore, the only question for the Court in determining whether Plaintiff's claims should be dismissed as time-barred is whether Defendants "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Abdell, 759 F. Supp. 2d at 454 (quoting FED. R. CIV. P. 15(c)(1)(B)-(C)).

The law on cases of "mistake" and "knowledge" under Rule 15, however, is currently in a state of flux. Until recently, the Second Circuit directives on such cases were clear. However, the Supreme Court's decision in Krupski v. Costa Crociere S.P.A., 130 S. Ct. 2485 (2010), has destabilized these rules, creating a degree of uncertainty among courts within the circuit. See Archibald v. City of Hartford, 274 F.R.D. 371, 377 (D. Conn. 2011) (collecting cases).

Prior to Krupski, the Second Circuit had stated that Rule 15 of the Federal Rules of Civil Procedure "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification." Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 469 (2d Cir. 1995), modified 74 F.3d 1366 (2d Cir. 1996). "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." Id. at 470; see also Johnson v. Constantellis, 221 F. App'x 48, 50 (2d Cir. 2007); Johnson v. Stinson, 28 F. App'x 71, 72 (2d Cir. 2002); Malesko v. Correctional Servs. Corp., 229 F.3d 374, 383 (2d Cir. 2000), rev'd on other grounds, 534 U.S. 61 (2001); Bove v. New York City, No. 99-9181, 2000 WL 687720, at *1 (2d Cir. May 24, 2000); Tapia-Ortiz v. Doe, 171 F.3d 150, 151-52 (2d Cir. 1999).

Even where a defendant "file[d] his complaint naming the defendant officers as 'John Does' within the three-year statute of limitations period, '[i]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued.'" Tapia-Ortiz v. Doe, 171 F.3d at 151-52 (quoting Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993) (citations omitted)). "And even when a suit is brought by *pro se* litigant [sic], 'an amended complaint adding new defendants

7

[cannot] relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities."³ Id. at 152 (quoting Barrow, 66 F.3d at 470 (alteration in original)).

In Krupski, the Supreme Court held that "Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint." 130 S. Ct. at 2493. Further, "the Supreme Court arguably confirmed that the reference to 'mistake' in Rule 15(c)(1)(C) does not necessarily bar relation back for a plaintiff who failed to properly name a defendant because he lacked knowledge of that defendant's name." Archibald, 274 F.R.D. at 377. Therefore, disagreement persists among courts in this circuit as to whether Barrow and its progeny survive Krupski. See, e.g., id. (collecting cases).

Here, construing Plaintiff's pleadings liberally, the Court concludes that Plaintiff lacked knowledge of Defendants' identity at the time he filed his original Complaint. Under Krupski, however, that Plaintiff lacked knowledge of the John Does' true identities does not necessarily mean that Plaintiff's Amended Complaint is time-barred.⁴ Rather, the Court must determine whether

---

³ "[S]ome district courts in the Second Circuit have recognized an exception to the Second Circuit's seemingly categorical rule for cases in which a plaintiff attempted to discover the identity of the unknown defendant prior to the expiration of the statute of limitations but did not receive an adequate response to his discovery requests." Archibald, 274 F.R.D. at 377 (citations omitted). Because Plaintiff has not claimed that Defendants interfered with his discovery of the Doe Defendants' identities, and there are no facts to support such a claim on the record, the Court merely notes the existence of this exception and does not discuss it further.

⁴ As noted, *supra*, debate among district courts in this circuit as to the continued applicability of Barrow after Krupski continues. Without lunging headlong into the fray, the Court concludes that because of the facts of the instant case, the defendant's-knowledge requirement set forth by the Supreme Court yields the same result as the plaintiff's-knowledge requirement that undergirded the Second Circuit's reasoning. Therefore, even if tension might exist between the blanket rule articulated in Barrow and its progeny as to the use of Doe defendants and the more case-specific inquiry into a defendants knowledge articulated in Krupski, the specific facts of this

8

Defendants knew or should have known that Plaintiff intended to name them as parties to his suit during the Rule 4(m) period. Even granting Plaintiff's submissions the generous reading that they are owed, the Court finds no basis to conclude that Defendants had actual knowledge of Plaintiff's claims against them. Therefore, the otherwise untimely amendment of Plaintiff's Complaint to add party names would only have been proper under Rule 15 if Defendants should have known that they were the intended parties in this suit. See Krupski, 130 S. Ct. at 2493.

In this case, however, the Court cannot identify any possible basis to conclude that Defendants should have known that they were the John Does in this action. During the Rule 4(m) period, the Complaint was not served on the Albany County Sheriff or any other attorney or official whose knowledge of the action might be imputed to Defendants.[5] The Court is mindful of the challenges faced by *pro se* plaintiffs – particularly those who are incarcerated – in effectively navigating the treacherous waters of legal practice and therefore remains wary of allowing procedural defects to prevent Plaintiff from having his day in court and seeing his case decided on the merits. However, in this case, Plaintiff was afforded ample opportunity to remedy these errors and provide notice to Defendants. As Judge Treece stated in his Order:

> In light of Plaintiff's *pro se* status, the Court will permit Plaintiff to amend his Complaint to name a defendant for service and discovery. However, in this case Plaintiff faces an additional impediment. The wrongdoing alleged in the Complaint took place in Albany County. Plaintiff is now incarcerated and being housed in Wende Correctional Facility, located in Erie County. Plaintiff may therefore have difficulty obtaining the names of any Albany County Sheriff's Department employees. The Court will therefore allow Plaintiff to amend his Complaint to add James Campbell, Sheriff of Albany County Police Department as a named defendant so that

---

case do not require the Court to resolve any such tension at this time.

[5] See, e.g., Blaskiewicz v. Cnty. of Suffolk, 29 F. Supp. 2d 134, 139 (E.D.N.Y.1998); Byrd v. Abate, 964 F. Supp. 140, 146 (S.D.N.Y.1997); Scott v. Coughlin, 944 F. Supp. 266, 270 (S.D.N.Y.1996).

9

service may proceed and issue joined.

Dec. Order at 3. Plaintiff failed to comply with this Order, and, in so doing, failed to provide Defendants with the notice needed to support a finding of knowledge for Rule 15 purposes.

Therefore, the Court concludes that Plaintiff's amendment to add parties to this action was untimely and grants Defendants' Motion to dismiss pursuant to Rule 12(b)(6).

### IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion (Dkt. No. 15) to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 9) is **DISMISSED in its entirety**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties.

**IT IS SO ORDERED.**

DATED: February 04, 2013
　　　　　Albany, New York

Lawrence E. Kahn
U.S. District Judge